# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**          **FILED UNDER SEAL**

                      **v.**                         **CASE NO.** 24-CR-10042-JWB

**QUINTIN FLANAGIN**

                      **Defendant.**

## INDICTMENT

**THE GRAND JURY CHARGES**:

### INTRODUCTION

At all times relevant to this Indictment:

1. W.M. and P.M. are the owners and operators of Diamond M. Farms which operates in Thomas County, Kansas.

2. Quintin Flanagin, the defendant, is a resident of Colby, Kansas and is a certified public accountant (CPA).

3. Williams Consulting Chtd. ("WCC, Inc."), is an accounting firm located in Colby, Kansas, in which the defendant is a part owner. The defendant, through WCC, Inc., performed accounting work for W.M. and P.M. for approximately fifteen (15) years. As

such, the defendant, was signatory on the below-mentioned accounts, successor trustee for W.M. and P.M.'s trust, did payroll for Diamond M. Farms, was executor of W.M. and P.M.'s will and W.M. and P.M.'s tax accountant.

4. The defendant adds to his personal bank account that the account is doing business as ("d/b/a") Middle Finger Ranch. However, Middle Finger Ranch is not a business registered with the Kansas Secretary of State. The defendant also makes statements that Middle Finger Ranch is a subsidiary of Downey Drilling. However, Middle Finger Ranch has never been a subsidiary of Downey Drilling.

## RELEVANT FINANCIAL INSTITUTIONS

5. FNB Bank is a Federal Deposit Insurance Corporation ("FDIC") insured financial institution located in Goodland, Kansas. W.M. and P.M. maintained multiple accounts at FNB Bank.

6. The Bank is an FDIC-insured financial institution located in Colby, Kansas. The defendant maintained an account at The Bank.

7. Sunflower Bank is an FDIC-insured financial institution headquartered in of Dallas, Texas with a branch in Colby, Kansas. The defendant maintained an account at Sunflower Bank.

8. Adams Bank & Trust is an FDIC-insured financial institution headquartered in Lemoyne, Nebraska with a branch in Colby, Kansas.

9. Western State Bank is an FDIC-insured financial institution headquartered in Garden City, Kansas with a branch in Colby, Kansas.

## MANNER AND MEANS

10. W.M. and P.M. have the following accounts at FNB Bank: (1) Account No. xxxxx4641, the W.M. Jr. and P.M. Trust; (2) Account No. xxxxx2030, the Diamond M. Farms, Inc. Account; and (3) Loan No. xxxxx0356, Line of Credit.

11. W.M. and P.M.'s accounts are monitored by a FNB Banker and Loan officer.

12. The defendant opened a personal banking account at The Bank, Account No. xxxxxx9356 in June of 2003. On January 13, 2022, the defendant, sole owner of the account, adds the designation of "d/b/a Middle Finger Ranch" to this account.

13. Beginning on or between December 23, 2021, and August 17, 2022, the defendant, accessed W.M. and P.M.'s accounts and transferred funds, via checks and interstate wire transmissions, from W.M. and P.M.'s accounts into his personal account at The Bank, d/b/a Middle Finger Ranch. The defendant wrote checks, on six different occasions, falsely purporting to be for farm operations transactions between Middle Finger Ranch and Diamond M. Farms. The funds were later deposited into his personal account and used for personal expenses, specifically, to pay for the construction on the defendant's new home.

14. Four of the checks written by the defendant, falsely purporting to be farm operations payments to Middle Finger Ranch from W.M. and P.M.'s accounts, caused loan advance withdrawals from W.M. and P.M.'s FNB Loan No. xxxxx0356. When the checks, written by the defendant payable to Middle Finger Ranch, were presented to FNB Bank for payment, a loan advance withdrawal from FNB Loan No. xxxxx0356 transferred funds into W.M. and P.M.'s Trust Account, Acct No. xxxxx4641, to cover the check amounts

that were then transferred to the defendant's personal account d/b/a Middle Finger Ranch at The Bank.

15. In 2021, the defendant hired Stephen's Construction to build his home. The defendant received his first invoice from Stephen's Construction on August 31, 2021.

16. On December 30, 2021, the defendant received an invoice from Stephen's Construction in the amount of $131,550.80 that was due January 14, 2022. This invoice was paid on January 14, 2022, with funds transferred by way of the defendant depositing a check written from W.M. and P.M.'s account into his personal account at The Bank, d/b/a Middle Finger Ranch falsely purporting to be for farm operation payments.

17. Numerous other invoices from Stephen's Construction were paid with funds transferred by way of the defendant depositing a check written from W.M. and P.M.'s account into his personal account at The Bank, d/b/a Middle Finger Ranch falsely purporting to be for farm operation payments.

18. The defendant, jointly with his wife, maintained an account at Sunflower Bank, Account No. xxxxx4654. Beginning on or between November 3, 2022, and December 14, 2022, the defendant authorized 5 transactions, amounting to $409,742.43, through cashier's check or personal check, payable to W.M. and Diamond M. Farms, Inc.

19. The defendant obtained a construction loan, No. xxxx521, from Adams Bank & Trust in February 2022. On January 19, 2022, to secure this loan, the defendant provided an incomplete screenshot of his account statement from The Bank which purported to show an account balance of $199,188.20. This statement failed to show the withdrawal on

January 18, 2022, of Check 3290, written to Stephen's Construction, in the amount of $131,550.80 leaving an actual account balance of $67,637.40.

20. On November 10, 2022, the defendant contacted Western State Bank to obtain a loan. The defendant stated to the bank president, the reason for the loan was to repay funds he borrowed from his mother for the construction of his house. The defendant told the bank president that $497,466.22 was needed to repay his mother in full.

21. The loan application, dated December 1, 2022, indicates the purpose of the loan was to refinance a loan with the defendant's mother. Western State Bank approved a $500,000.00 loan with the state purpose of refinancing a loan with a promissory note dated January 5, 2023.

22. Funds, by way of deposited checks, were transferred from the defendant's mother's account into his account at The Bank in 2022. However, only one deposit can be traced to paying for the construction of the defendant's residence. The other two checks can be traced to paying back funds fraudulently transferred from W.M, P.M., and Diamond M. Farms.

23. Of the $500,000.00 loaned to the defendant, $276,001.57 was paid to the defendant's mother with the remaining amount being used to pay Stephen's Construction, the defendant's Capital One card and other entities that are not the defendant's mother.

## COUNTS 1-6

**WIRE FRAUD**
**[18 U.S.C. § 1343]**

24. Paragraphs 1 through 23 are incorporated by reference.

25. On or about the dates alleged herein, in the District of Kansas and elsewhere, the defendant,

**QUINTIN FLANAGIN,**

devised and intended to devise a scheme and artifice to defraud another and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, to wit: the defendant caused interstate wire transmissions from W.M and P.M.'s, whose identity is known to the grand jury, accounts at FNB Bank to the defendant's bank account at The Bank, by way of authorizing checks for falsely purporting to be farm operation payments and concealing the same, thus causing the fraudulent transfer of funds via interstate wire transmission, as further outlined below:

| Count | Approximate Date | Wire Transmission | Amount |
|---|---|---|---|
| 1 | 1/18/2022 | The defendant causes the transfer of funds from the Miller's FNB xxxxxx4641 into the defendant's personal account xxxxxx9356 initiated by a check with the memo line "seed wheat." | $121,000.00 |
| 2 | 2/9/2022 | The defendant causes the transfer of funds from the Miller's FNB xxxxxx4641 into the defendant's personal account xxxxxx9356. | $89,644.15 |

| Count | Approximate Date | Wire Transmission | Amount |
|---|---|---|---|
| 3 | 2/9/2022 | The defendant causes the transfer of funds from the Miller's FNB xxxxxx2030 into the defendant's personal account xxxxxx9356. | $44,822.07 |
| 4 | 5/11/2022 | The defendant causes the transfer of funds from the Miller's FNB xxxxxx2030 into the defendant's personal account xxxxxx9356. | $52,000.00 |
| 5 | 6/22/2022 | The defendant causes the transfer of funds from the Miller's FNB xxxxxx4641 into the defendant's personal account xxxxxx9356 initiated by a check with the memo line "Shelbourne." | $84,244.18 |
| 6 | 8/23/2022 | The defendant causes the transfer of funds from the Miller's FNB xxxxxx4641 into the defendant's personal account xxxxxx9356 initiated by a check with the memo line "1,000 bushel seed wheat." | $18,000.00 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 7-10

**BANK FRAUD**
**[18 U.S.C. § 1344]**

26. Paragraphs 1 through 25 are incorporated by reference.

27. On or about the dates alleged herein, in the District of Kansas and elsewhere, the defendant,

**QUINTIN FLANAGIN,**

did knowingly execute and attempt to execute a scheme and artifice to obtain any moneys,

7

funds, credits, assets, securities, and other property owned by, and under the custody and control of FNB Bank, by means of false and fraudulent pretenses, representations and promises as represented herein.

| Count | Date | Loan Advance Transfers | Amount |
|---|---|---|---|
| 7 | 1/18/2022 | The defendant issued check No. 105410 to Middle Finger Ranch causing a loan advance withdrawal from FNB Loan No. xxxxx0356 into FNB Acct. No. xxxxx464.  The funds are subsequently deposited in The Bank Acct. No. xxxxxx9356. | $125,000.00 |
| 8 | 2/9/2022 | The defendant issued check No. 105460 to Middle Finger Ranch triggering FNB Loan No. xxxxx0356 to advance funds into FNB Acct. No. xxxxx4641 for the fund to be deposited in The Bank Acct. No. xxxxxx9356. | $95,000.00 |
| 9 | 6/22/2022 | The defendant issued check No. 105613 to Middle Finger Ranch triggering FNB Loan No. xxxxx0356 to advance funds into FNB Acct. No. xxxxx4641 for the fund to be deposited in The Bank Acct. No. xxxxxx9356. | $84,244.18 |
| 10 | 8/23/2022 | The defendant issued check No. 105703 to Middle Finger Ranch triggering FNB Loan No. xxxxx0356 to advanced funds into FNB Acct. No. xxxxx4641 for the fund to be deposited in The Bank Acct. No. xxxxxx9356. | $30,000.00 |

In violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNT 11

### FALSE STATEMENTS
### [18 U.S.C. § 1014]

28.  Paragraphs 1 through 27 are incorporated by reference.

8

29. Between on or about and between January 19, 2022 and February 3, 2022, in the District of Kansas and elsewhere, the defendant,

**QUINTIN FLANAGIN,**

knowingly made a false statement and report for the purpose of influencing the action of Adams Bank & Trust, an FDIC insured financial institution, in connection with a loan in that the defendant when asked to provide proof of sufficient funds, provided an incomplete banking statement which purported to show an account balance of $199,188.20 when in truth and in fact, as the defendant well knew, there was an additional check withdrawal resulting in a materially lower balance.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 12

### FALSE STATEMENTS
### [18 U.S.C. § 1014]

30. Paragraphs 1 through 29 are incorporated by reference.

31. Between on or about and between November 10, 2022, and January 5, 2023, in the District of Kansas and elsewhere, the defendant,

**QUINTIN FLANAGIN,**

knowingly made a false statement and report for the purpose of influencing the action of Western State Bank, an FDIC insured financial institution, in connection with a loan in that the defendant asserted the purpose of the loan was to repay a loan for the construction of his home from his mother in the amount of $497,466.22 when in truth and in fact, as the

9

defendant well knew, that a portion of that amount was given to him by his mother to pay back W.M. and P.M.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNTS 13-18

### MONEY LAUNDERING
### [18 U.S.C. § 1957]

32. Paragraphs 1 through 31 are incorporated by reference.

33. On or about the dates alleged below in the District of Kansas and elsewhere, the defendant,

**QUINTIN FLANAGIN,**

knowingly engaged and attempted to engage in monetary transactions by, through and to financial institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is deposits, withdrawals, transfers and exchanges described below of funds and monetary instruments in the amounts specified below, such property having been derived from a specified unlawful activity, that is, Wire and Bank Fraud, in violation of Title 18 United States Code, Sections 1343, and 1344:

| Count | Approx. Date | Check No. | Monetary Transaction | Amount |
|---|---|---|---|---|
| 13 | 1/14/2022 | 3290 | Payment to Stephen's Construction for construction on defendant's home | $131,550.80 |
| 14 | 2/7/2022 | 3291 | Payment to Stephen's Construction for construction on defendant's home | $87,968.03 |
| 15 | 5/31/2022 | 3293 | Transfer from The Bank Acct No. xxxxxx9359 to Sunflower Bank Acct No. xxxxx4654. | $100,000.00 |

| Count | Approx. Date | Check No. | Monetary Transaction | Amount |
|---|---|---|---|---|
| 16 | 5/31/2022 | 1248 | Payment to Stephen's Construction for construction on defendant's home | $157,755.80 |
| 17 | 6/20/2022 | 3300 | Payment to Stephen's Construction for construction on defendant's home | $82,063.41 |
| 18 | 8/25/2022 | 3305 | Payment to Stephen's Construction for construction on defendant's home | $16,694.78 |

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE NOTICE

1. The allegations contained in paragraphs 1-33 and Counts 1-18 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 982(a)(1) and 982(a)(2).

2. Upon conviction of one or more of the offenses set forth in Counts 1-10 of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

>A. A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1-10; and

B. All that lot of parcel of land. together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Colby, Thomas County, Kansas, more particularly described as:

A tract of land being a part of the Southwest Quarter (SW/4) of Section Thirty-two (32), Township Seven (7) South, Range Thirty-three (33) West of the Sixth Principal Meridian, Thomas County, Kansas, more particularly described as follows, to-wit:

Commencing at a 5/8" rebar at the Southeast corner (SE/c) of Eastern Heights Addition to the City of Colby, Thomas County, Kansas; thence N.89°58'04"W on the South line of said Eastern Heights Addition, all bearings contained herein are relative thereto, a distance of 305.00 feet to a 5/8" rebar with cap at the point of beginning; thence S.17°18'34"W a distance of 275.16 feet to a 5/8" rebar with cap; thence N.89°58'04"W parallel with said South line a distance of 453.65 feet to a 5/8" rebar with cap; thence N.33°43'42"W a distance of 3 l 6.04 feet to a 5/8" rebar with cap on said South line; thence S.89°58'04"E on said South line, a distance of 711.00 feet to the point of beginning.

3. Upon conviction of one or more of the offenses set forth in Counts 13-18, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to, the following:

    A. A forfeiture money judgment against the defendant in an amount equal to the value of the property involved in Counts 13-18; and

    B. All that lot of parcel of land. together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Colby, Thomas County, Kansas, more particularly described as:

        A tract of land being a part of the Southwest Quarter (SW/4) of Section Thirty-two (32), Township Seven (7) South, Range Thirty-three (33) West of the Sixth Principal Meridian, Thomas County, Kansas, more particularly described as follows, to-wit:

       Commencing at a 5/8" rebar at the Southeast corner (SE/c) of Eastern Heights Addition to the City of Colby, Thomas County, Kansas; thence N.89°58'04"W on the South line of said Eastern Heights Addition, all bearings contained herein are relative thereto, a distance of 305.00 feet to a 5/8" rebar with cap at the point of beginning; thence S.17°18'34"W a distance of 275.16 feet to a 5/8" rebar with cap; thence N.89°58'04"W parallel with said South line a distance of 453.65 feet to a 5/8" rebar with cap; thence N.33°43'42"W a distance of 3l6.04 feet to a 5/8" rebar with cap on said South line; thence S.89°58'04"E on said South line, a distance of 711.00 feet to the point of beginning.

4. If any of the property described above, as a result of any act or omission of the defendant:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 982(a)(1) and 982(a)(2).

A TRUE BILL.

April 16, 2024　　　　　　　　　　s/Foreperson
DATE　　　　　　　　　　　　　　FOREPERSON OF THE GRAND JURY

14

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Katherine J. Andrusak
Katherine J. Andrusak
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

> IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# **PENALTIES**

### **Counts 1-6: Wire Fraud**

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1341.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### **Counts 7-10: Bank Fraud**

- Punishable by a term of imprisonment of not more than thirty (30) years. 18 U.S.C. § 1344.

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000.00. 18 U.S.C. § 1344.

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### **Counts 11-12: False Statements**

- Punishable by a term of imprisonment of not more than thirty (30) years. 18 U.S.C. § 1014.

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000.00. 18 U.S.C. § 1014.

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 13-18: Money Laundering**

- Punishable by a term of imprisonment of not more than ten (10) years. 18 U.S.C. § 1957(b)(1).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.